# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL C. TOMS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1069** (BOR Appeal No. 2048258)
                    (Claim No. 2004217903)

**CLEDITH J. TAYLOR DBA TAYLOR CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael C. Toms, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cledith J. Taylor DBA Taylor Construction, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a March 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 3, 2012, decision denying Mr. Toms's request to add closed fracture of the upper tibia as a compensable condition of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Toms worked for Taylor Construction. On February 26, 2007, he injured both knees when he jumped out of a truck. The claims administrator initially held the claim compensable for bilateral sprains of both knees and legs but subsequently added tear of the medial cartilage of the right knee as a compensable condition of the claim. Mr. Toms then came under the care of Joseph Snead, M.D., who performed an arthroscopic debridement to treat Mr. Toms's meniscal tear. Mr. Toms was also referred to George K. Bal, M.D., who found that he had a small joint effusion in the right knee. Dr. Bal noted that Mr. Toms continued to have pain in both knees and

1

found that his right knee never fully healed after the surgery despite a course of physical therapy. Dr. Bal then performed a second arthroscopic surgery on Mr. Toms's right knee. Several years later, Joseph E. Grady, M.D., evaluated Mr. Toms and determined that he had reached his maximum degree of medical improvement relating to his compensable knee injuries. Dr. Grady found that Mr. Toms continued to complain of mobility problems related to knee pain but determined that Mr. Toms's walk was steady despite a limp in the right leg. Dr. Grady determined that there was no ligament instability and his lower extremity muscle strength tested five out of five based on his ability to flex and extend his knees.

On June 28, 2011, Mr. Toms fell down a flight of stairs while at home and fractured his right tibia plateau. Mr. Toms then requested that this condition be added to the claim. Mr. Toms's request was submitted to Rebecca Thaxton, M.D., who recommended against adding it as a compensable condition of the claim. Dr. Thaxton found that Mr. Toms's home fall was an independent intervening injury that was not caused by his compensable conditions. On August 3, 2012, the claims administrator denied the addition of closed fracture of the upper tibia as a compensable condition. Mr. Toms then testified by deposition that he had fallen down his stairs at home because of knee weakness. He stated that his left knee had given out causing him to fall. He also stated that his knee had given out periodically since the date of his compensable injury. Prasadarao B. Mukkamala, M.D., then reviewed Mr. Toms's claim and determined that his tibia fracture was not related to the compensable injury because Dr. Grady found that he had normal strength in his lower extremities immediately prior to the home fall. On March 8, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 23, 2013, leading Mr. Toms to appeal.

The Office of Judges concluded that the evidence did not establish a causal connection between Mr. Toms's upper tibial plateau fracture and his compensable knee injury. The Office of Judges considered Mr. Toms's testimony but determined that it was not sufficient to substantiate his allegation that the injury he sustained as a result of the home fall was directly and causally related to the compensable injury. The Office of Judges took note of Dr. Grady's finding that Mr. Toms had normal strength in his lower extremities immediately prior to the date of the home fall. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Toms has not presented sufficient evidence to demonstrate that his closed upper tibia fracture is causally related to the February 26, 2007, injury and should be added as a compensable condition of the claim. Mr. Toms's testimony concerning his muscle weakness is not consistent with the findings in Dr. Grady's evaluation or the remainder of the record. There is insufficient evidence to show that Mr. Toms developed lower extremity muscle weakness as a result of the compensable injury. Mr. Toms's home fall, which resulted in a fracture of the right tibia plateau, appears to be an intervening injury that was not caused by his compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II